UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:18-cv-00009-MOC

| | |
|---|---|
| **MARVIN DALE TRIVETTE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER OF REMAND |
| ) | |
| **JEAN TAYLOR-TODD,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court on review of the defendant's pro se Notice of Removal and Motion (#1), the Clerk of Court's Notice of Deficiency (#2), and defendant's pro se Notice of Withdrawal of Notice of Removal (#3).

On January 10, 2018 defendant removed a civil action (16CVD31) from the North Carolina General Court of Justice, District Court Division, for Avery County. In her Notice, she "requests removal to federal court under 28 USC 1331 and 28 USC 1443 for repeated and blatant disregard of Defendant's rights and a continuing conspiracy against her rights by the Plaintiff, his attorney, and judges of the 24th Judicial District." Notice (#1) at 1. Defendant did not attach a copy or the Complaint or other pleadings filed in the state court action, but requested in the Notice of Removal that this Court order the state court to reproduce the entire record. In filing her Notice of Removal, defendant did not pay the filing fee or file a request that the fee be waived.

On January 19, 2018, the Clerk of Court entered a Notice of Deficiency concerning the non-payment of the filing fee and sent defendant a blank IFP application and affidavit. The Clerk's

Notice allowed defendant 21 days from January 19 within which to either pay the fee or submit the application to proceed *in forma pauperis* and affidavit.

On February 8, 2018, defendant filed a pleading captioned Notice of Withdrawal of Notice of Removal (#3). In that pleading, she attempts to withdraw her filing and states "that Defendant's Notice of Removal was never properly before the Court; and therefore a nullity without timely submittal of the required documents, and that this Court lacks the jurisdiction to dismiss the Notice of Removal for failure to prosecute pursuant to F.R.C.P., Rule 41." Notice of Withdrawal (#3) at ¶ 5. Defendant then concludes that "the effect of this Notice of Withdrawal does not require a prayer for relief or an order from the Court, and is similar in kind to withdrawing a notice of appeal." Id. at ¶ 6.

Defendant also states in that pleading that she has been "unable to timely provide the necessary documents and pleadings to effect the removal by 2/9/2018," and goes on to state that she "has no personal transportation and no way to research legal pleadings at home." Id. at ¶¶ 1 &2. The Court notes, however, that in six previous actions commenced by defendant as a plaintiff in this district, she was able to both complete and file IFP applications. See Taylor-Todd v. Trivette; 1:12-mc-00028-MR-DLH; Taylor-Todd v. Shapiro, 1:13-cv-00078-MR-DLH; Taylor-Todd v. Trivette; 1:13-cv-00080-MR-DLH; Taylor-Todd v. Trivette,1:13-cv-00082-MR-DLH; Taylor-Todd v. Trivette, 1:13-cv-00083-MR-DLH; Taylor-Todd v. Ingle, 1:15-cv-00139-MR-DLH. Further, defendant herein has also removed two previous cases to this Court and completed and filed IFP applications in those matters. Trivette v. Taylor-Todd, 1:13-cv-00079-MR-DLH; Trivette v. Taylor-Todd, 1:13cv81 MR-DLH. In the cases defendant brought as plaintiff, her IFP applications were allowed, but the cases were dismissed for frivolousness. In her previous two

removals, defendant's IFP applications were also granted, and those matters were remanded to state court as frivolous.

Defendant concludes that this Court lacks jurisdiction to dismiss this action under Rule 41, Federal Rules of Civil Procedure, based on a belief that it is the payment of the filing fee that gives the Court subject matter jurisdiction over the action after removal. While the Court agrees that dismissal of this removal action would not be appropriate under Rule 41, Federal Rules of Civil Procedure, for failure to pay a filing fee or secure an IFP waiver, see M&T Bank v. Martin, 2014 WL 5448704 (W.D.Tenn. Oct. 22, 2014), defendant's attempt to "withdraw" the notice of removal is equally ineffective. This Court must assume that defendant, in filing the Notice of Removal, complied with all the requirements of 28 U.S.C. § 1446(d), which required that she provide notice to counsel for plaintiff and notice to the state court of the removal. This Court has checked with the Clerk of Superior Court of Avery County and has been informed that the Superior Court has declined to move forward with that action based on notice of this removal. It is the notice or removal provided to state court that "shall effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). Thus, a "notice of withdrawal" of a notice of removal in this Court would be insufficient to restore jurisdiction to a state court once a matter has been removed.

Indeed, § 1447(c) provides for remand based on defects in removal *as well as* remand for lack of subject matter jurisdiction. The Supreme Court has held that the list of reasons provided in § 1447(c) for remand is not exclusive. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988). Non-payment of the filing fee and subsequent failure to file an IFP application within the reasonable time provided by the Clerk of Court are defects in removal that require remand to the

state court. Plaintiff's Notice of Withdrawal is not sufficient to return this matter to state court. In addition, considering its jurisdiction under § 1447(c), the pleadings now before the Court are insufficient for the Court to find that it has jurisdiction under § 1443, which plaintiff asserted in the Notice of Removal as the basis for the Court's jurisdiction in addition to § 1331. While § 1443 authorizes the removal to federal court of certain civil rights cases, the two requirements for removal under § 1443(1) are narrow and well-defined. Davis v. Glanton, 107 F.3d 1044, 1045 (3d Cir.1997). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)). "Second, it must appear ... that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.'" Johnson, 421 U.S. at 219 (quoting § 1443(1)). Defendant has not stated in her removal papers that the removal is based on a violation of a civil right that concerns racial equality. Thus, even if defendant had paid the filing fee or received a waiver, the Court would be required to remand the matter to the state court as jurisdiction cannot be found absent "specific factual allegations." Smith v. Wells Fargo Bank, N.A., 2008 WL 2967534, at *2 (D. Colo. Aug. 1, 2008) (citing 14A Charles Alan Wright et al., Federal Practice & Procedure § 3728 (2d ed.1985)). Finally, there is no § 1331 federal question apparent on the removal papers defendant failed to attach the state court Complaint.

The Court will not dismiss this action; rather, it will remand the action to the North Carolina General Court of Justice, Superior Court Division, for Avery County in accordance with § 1447(c). The Clerk of Court shall be instructed to mail a certified or true teste copy of this Order to that Court.

**ORDER**

**IT IS, THEREFORE, ORDERED** that this action is **REMANDED** to the North Carolina General Court of Justice, Superior Court Division, for Avery County in accordance with § 1447(c).

The Clerk of Court is instructed to mail a certified or true teste copy of this Order to that court.

Signed: February 22, 2018

Max O. Cogburn Jr.
United States District Judge